**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM GOVENDER,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN DENTAL SERVICES, INC,<br><br>Defendant. | Case No.   3:19-cv-00406<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PURSUANT TO 47 U.S.C. § 227.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

**NOW COMES**, MALCOLM GOVENDER ("Plaintiff"), through his counsel, WAJDA LAW GROUP, APC, complaining as to the conduct of WESTERN DENTAL SERVICES, INC., ("Defendant"), as follows:

#### NATURE OF THE ACTION

1.   Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

#### JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.   Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of California, Plaintiff resides in the Northern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

PARTIES

5.   Plaintiff is a natural person over 18-years-of-age who is a "person" as the term is defined by 47 U.S.C. §153(39).

6.   Defendant provides a full range of dental services. Defendant's principle office is located at 530 South Main Street, Orange, California 92868.

FACTS SUPPORTING CAUSE OF ACTION

7.   Prior to the conduct given rise to this action, Plaintiff contracted to make monthly payments to Defendant, in the amount of $200.00 ("subject debt").

8.   Thereafter, Plaintiff traveled to one of Defendant's offices and cancelled his contract with Defendant. Plaintiff's cancellation of the contract no longer obligated Plaintiff to make monthly payments to Defendant.

9.   In or around November 2018, Plaintiff began receiving calls to his cellular telephone number (415) XXX-5314 from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone ending in 5314.

11. Immediately after the calls began, Plaintiff answered a phone call to his cellular telephone from a representative of Defendant. Defendant repeatedly requested that Plaintiff make a payment on the subject debt.

12. Plaintiff explained to Defendant's representative that he terminated his contract with Defendant and was no longer obligated to make monthly payments to Defendant.

13. Defendant disregarded Plaintiff's explanation and demanded that Plaintiff make a payment on the subject debt. Plaintiff grew frustrated and requested to speak to a supervisor. While Plaintiff was speaking to the supervisor he demanded that Defendant cease placing calls to his cellular telephone.

14. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign and Plaintiff again demanded Defendant cease placing such calls.

15. Notwithstanding Plaintiff's requests that Defendant's calls cease, Defendant placed or caused to be placed no less than 73 harassing phone calls to Plaintiff's cellular telephone between November 2018 and present day, even during Plaintiff's work hours, and after Plaintiff requested Defendant to cease calling his cellular phone.

16. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" and a pre-recorded message while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, in the calls Defendant placed to Plaintiff's cellular phone, there would be a brief pause resulting in a pre-recorded message stating that: "This is an important message for Malcolm Govender."

18. Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's phone calls.

19. Defendant placed its pre-recorded voice calls to Plaintiff's cellular phone using an automated telephone dialing system, a system that is commonly used in the debt collection industry to collect defaulted debts.

20. The phone number that Defendant most often uses to contact Plaintiff is (510) 231-0526, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular telephone.

### DAMAGES

21. Defendant' unfair and harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

22. Plaintiff has expended time consulting with his attorneys as a result of Defendant's unconscionable conduct.

23. The majority of Defendant's disrupting phone calls to Plaintiff were placed during work hours and severely decreased Plaintiff's work productivity.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using a pre-recorded message or an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. Based on the pre-recorded messages Plaintiff heard during the phone calls in which Plaintiff answered, Defendant placed these aforementioned calls to Plaintiff using prerecorded voice technology.

29. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Defendant violated the TCPA by placing no less than 73 harassing phone calls to Plaintiff's cellular telephone from November 2018 through the present day, using prerecorded voice technology without his prior consent.

31. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

32. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular telephone.

33. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

34. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

35. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

36. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500.00 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff MALCOLM GOVENDER respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c.  Enjoining Defendant from contacting Plaintiff; and

    d.  Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

39. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

40. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a.  Violation of Cal. Civ. Code § 1788.11(d)**

41. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

6

42. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite his demands was done with the purpose of annoying Plaintiff into paying the subject debt.

43. Moreover, Defendant was told more than once to stop calling Plaintiff's cellular telephone.

44. Defendant violated the RFDCPA by placing no less than 73 harassing phone calls to Plaintiff's cellular telephone from November 2018 through the present day, using prerecorded voice technology without his prior consent.

45. Defendant disregarded these requests, and continued its calls to Plaintiff, with the goal of annoying Plaintiff into paying the subject debt.

**b. Violations of RFDCPA § 1788.11(e)**

46. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

47. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite his demands was unreasonable and harassing. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiff's pleas with the intent of harassing him.

48. Furthermore, Defendant relentlessly contacted Plaintiff numerous times. Placing such voluminous calls in short succession constitutes conduct that is unreasonable and harassing in an attempt to harass Plaintiff into making payment in violation of the RFDCPA.

49. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff MALCOLM GOVENDER respectfully requests that this Honorable Court:

    a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.   Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c.   Award Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b);

    d.   Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    e.   Award any other relief as the Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: January 23, 2019

Respectfully submitted,

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com